THE STATE OF KANSAS v. JAMES HAMILTON.

No. 13,042.   (69 Pac. 162.)

SYLLABUS BY THE COURT.

1. CRIMINAL PROCEDURE.—*Evidence — Prejudice of Witness.* In a prosecution for murder, it is competent for the accused to show by cross-examination of a witness for the state that the latter with others formed a mob for the purpose of hanging the defendant.

2. ———— *Facts Shown by Record—Presumption.* When it appears that a witness was called on behalf of the state at the trial, that his name was indorsed on the information, and that he was subpœnaed by and testified for the prosecution against the defendant at the preliminary examination, it will be presumed that he testified against the defendant, although the record does not contain his examination in chief.

Appeal from Butler district court; C. W. SHINN, judge.   Opinion filed June 7, 1902.   Reversed.

*A. A. Godard,* attorney-general, *Wm. M. Rees,* county attorney, *H. W. Schumacher,* and *E. B. Brumback,* for The State.

*E. N. Smith,* and *L. Knowles,* for appellant.

The opinion of the court was delivered by

SMITH, J. : The appellant, James Hamilton, was convicted of murder in the second degree and sentenced for a term of twenty-one years at hard labor in the penitentiary. He killed one George J. Webb, who was in charge of a company of men engaged in railway construction. The appellant defended on the ground that the killing was done in self-defense. Immediately after the homicide Hamilton was seized by several men who were working under Webb. A rope was tied around his neck, he was hanged to a tree, and left to die. He was cut down by a man who saw

the occurrence, after the mob was gone, resuscitated, and surrendered to the sheriff.

The names of Morris Sheek and George W. Butcher were among those indorsed on the information as witnesses for the prosecution. They were called by the state. Upon cross-examination by counsel for the accused, the witness Sheek was asked the following questions:

"Ques. I will ask you if, before that time, you and four other men did not take the defendant, James Hamilton, over north to a tree and hang him?

"Q. You may state, Mr. Sheek, if you and four other men, after the defendant was brought back there, did not direct all the other men at work there to go down to the camp, and that then you five men took the defendant over north of there and hung him?"

Objections were made by the state to these questions on the grounds that they were incompetent, irrelevant, and immaterial, no part of the *res gestæ*, and not cross-examination, which objections were sustained by the court. The same questions in substance were propounded to the witness Butcher, followed by the same objections, and the same ruling made.

Counsel for the state do not contend that the testimony which counsel for the accused sought to bring out was incompetent, but insist that the record is in such condition that the error in its exclusion cannot be considered, for the reason that the bill of exceptions does not contain the direct examination of the witnesses. It is shown, however, that the witnesses were called on behalf of the state; that their names were indorsed on the information as witnesses against the defendant, and that one of them came from Illinois to testify. It appears also by the transcript that both

witnesses testified against the accused before the justice of the peace at the preliminary examination, and that they were subpœnaed before that magistrate by the state.

The objections themselves, made to the cross-examination by the county attorney, presuppose that the witnesses had given testimony against the accused. In a case like the present one, where the charge was murder, and resulted in a sentence for so long a time at penal servitude, the court is not disposed to stand on technical points, when it reasonably appears that the rights of a party charged with one of the greatest crimes have been prejudiced.    If the witnesses named had been a part of the mob which hanged the defendant for killing Webb, they could not have been very kindly disposed toward him.    If prejudice existed, it was proper for the appellant to show it.

The judgment of the court below will be reversed, and the cause remanded for a new trial.

GREENE, POLLOCK, JJ., concurring.